Michele R. Stafford, Esq. (SBN 172509)
Muriel B. Kaplan, Esq. (SBN 124607)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
Telephone: (415) 882-7900
Facsimile: (415) 882-9287
mstafford@sjlawcorp.com
mkaplan@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, et al.,<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>RHODES PAINTING & DECORATING, INC. *aka* RHODES PAINTING, a California Corporation; and LANETT FERGUSON, an Individual,<br><br>　　　Defendants. | Case No.:  C12-6162 MMC<br><br>**REQUEST TO CONTINUE CASE MANAGEMENT CONFERENCE; PLAINTIFFS' CASE MANAGEMENT CONFERENCE STATEMENT; [PROPOSED] ORDER THEREON** ORDER VACATING CASE MANAGEMENT CONFERENCE; SETTING DEADLINE FOR PLAINTIFFS TO FILE MOTION FOR DEFAULT JUDGMENT<br><br>Date:　September 13, 2013<br>Time:　10:30 a.m.<br>Dept.:　7, 19th Floor, San Francisco, CA<br>Judge:　The Honorable Maxine M. Chesney |

　　　Plaintiffs herein respectfully submit their Case Management Statement, requesting that the Case Management Conference, currently on calendar for September 13, 2013 be continued for 60-90 days. Good cause exists for the continuance, as follows:

　　　1.　　As the Court's records will reflect, this action was filed on December 5, 2012. Service on Defendants was effectuated on December 19, 2012, and A Proof of Service of Summons on was filed with the Court on January 2, 2013 [Dkt. #10]. Defendants failed to plead or otherwise respond to the lawsuit, and the Clerk entered default as to both Defendants on January 17, 2013 [Dkt. #12].

　　　2.　　As permitted by the Collective Bargaining and Trust Agreements, Plaintiffs

conducted an audit of Defendants' payroll records for the time period October 1, 2009 through December 31, 2012. The auditors completed a draft report on or about May 29, 2013, which was sent to Defendants for review. As Defendants did not contest the audit, the draft report was considered final, and the audit was billed on June 20, 2013. Defendants' payment was due within ten days, by June 30, 2013.

3.  Because Defendants failed to submit payment for the audit, on or about July 3, 2013, Plaintiffs sent a letter to Defendants enclosing a copy of the audit bill, and requesting that Defendants either submit payment in full or contact Plaintiffs' counsel to arrange a payment schedule. Having heard nothing from Defendants in response, Plaintiffs' counsel emailed Defendants on June 9th and 11th to follow up, advising that a Motion for Default Judgment would be prepared absent receipt of their response by July 16, 2013.

4.  Defendants forwarded the July 11, 2013 email to bankruptcy attorneys The Law Offices of Stan E. Riddle.  Nichole Zorrilla of said law office emailed Plaintiffs' counsel advising that their client, Bennie Rhodes, Jr., filed for Chapter 13 bankruptcy on July 9, 2013, and provided a copy of the Notice of Bankruptcy Filing. Plaintiffs' counsel requested clarification from Ms. Zorrilla as to whether the corporation Rhodes Painting & Decorating, Inc. filed for bankruptcy, or solely Bennie Rhodes, Jr. In response, attorney Vince Wood called Plaintiffs' counsel and advised that The Law Offices of Stan E. Riddle represent both Bennie Rhodes, Jr. and Lanett Ferguson, who has power of attorney over Mr. Rhodes, Jr. Mr. Wood further advised that he didn't think a corporate bankruptcy was appropriate in this case, as the filing fee is substantially higher than that of an individual bankruptcy, and his client is a small business with a plan to pay its creditors in full.

5.  Plaintiffs' counsel analyzed the bankruptcy filings and discovered that "DBA Rhodes Painting & Decorating, Inc." is included in the Voluntary Petition under other names used by the Debtor (Bennie Rhodes, Jr.) in the last 8 years, and the amounts due to Plaintiffs for the audit are included on "Schedule F – Creditors Holding Unsecured Nonpriority Claims". Nevertheless, it is Plaintiffs' determination that the amounts due from Defendants are not subject to the bankruptcy matter filed by Bennie Rhodes, Jr., an individual.

6. Defendants may have become further delinquent to Plaintiffs, as they failed to submit their contribution reports (and any payments due) for hours worked by their employees during the month of July 2013.

7. Accordingly, Plaintiffs intend to promptly prepare and file a Motion for Summary Judgment for all amounts known to be due to Plaintiffs with the Court.

8. Based on the foregoing, Plaintiffs respectfully request that the Case Management Conference, currently scheduled for September 13, 2013, be continued for 60-90 days to allow time for a Motion for Default Judgment to be prepared, filed, and considered by the Court.

I declare under penalty of perjury that I am the attorney for the Plaintiffs in the above entitled action, and that the foregoing is true of my own knowledge.

Executed this 3rd day of September, 2013, at San Francisco, California.

SALTZMAN & JOHNSON
LAW CORPORATION

By: _____/S/_____
Michele R. Stafford
Attorneys for Plaintiffs

IT IS SO ORDERED.

Based on the foregoing, and GOOD CAUSE APPEARING, the currently set Case Management Conference is hereby ~~continued to _____. All related deadlines are extended accordingly.~~ VACATED.

Plaintiffs are hereby DIRECTED to file, no later than November 22, 2013, a motion for default judgment or a statement indicating why they should not be required to do so.

Date:  September 4, 2013                    _____
                                              THE HONORABLE MAXINE M. CHESNEY