1 | Michele R. Stafford, Esq. (SBN 172509)
Erica J. Russell, Esq. (SBN 274494)
2 | SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
3 | San Francisco, CA 94104
(415) 882-7900
4 | (415) 882-9287 – Facsimile
mstafford@sjlawcorp.com
5 | erussell@sjlawcorp.com

6 | Attorneys for Plaintiffs

7 |

8 | UNITED STATES DISTRICT COURT

9 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

10 | BAY AREA PAINTERS AND TAPERS       Case No.:  C12-6162 MMC
PENSION FUND, et al.,
11 |                                    **JUDGMENT PURSUANT TO**
**STIPULATION**
                  Plaintiffs,
12 |
           v.
13 |
RHODES PAINTING & DECORATING, INC. *aka*
14 | RHODES PAINTING, a California Corporation; and
LANETT FERGUSON, an Individual,
15 |
                  Defendants.
16 |

17 |

18 |        IT IS HEREBY STIPULATED and AGREED (the "Stipulation") by and between the

19 | parties hereto, that Judgment shall be entered in the within action in favor of the Plaintiffs  BAY

20 | AREA PAINTERS AND TAPERS PENSION FUND, et al. (collectively "Plaintiffs" or "Trust

21 | Funds") and against Defendants RHODES PAINTING AND DECORATING, INC., and/or alter

22 | egos and/or successor entities, and LANETT FERGUSON, an individual (collectively

23 | "Defendants"), as follows:

24 |        1.        Defendants entered into a valid Collective Bargaining Agreement between District

25 | Council 16 and the Northern California Painting and Finishing Contractors Association (the

26 | "Bargaining Agreement").  The agreement is still in full force and effect.

27 | / / /

28 | / / /

P:\CLIENTS\PATCL\Rhodes Painting\Pleadings\2012 Action\judgment pursuant to stipulation.doc

2.      Defendants have become indebted to the Trust Funds as follows:

| AUDIT (10/01/09-12/31/12) | | | |
|---|---|---|---|
| Underpayments | $22,976.63 | | |
| 5% Interest | $1,200.80 | | |
| 20% Liquidated Damages | $4,595.33 | | |
| Testing Fee | $4,061.75 | | |
| Administrative Fee | $989.52 | | |
| | | $33,824.03 | |
| Overpayments Eligible for Credit | | ($9,895.21) | |
| **Subtotal** | | | **$23,928.82** |
| | | | |
| **CONTRIBUTIONS** | | | |
| 12/12 Contributions Balance (total = $3,221.68) | $1,650.48 | | |
| 5% Interest (through 11/07/13) | $123.20 | | |
| 20% Liquidated Damages | $644.34 | | |
| | | $2,418.02 | |
| 03/13 Contributions | $4,743.93 | | |
| 5% Interest (through 11/07/13) | $124.15 | | |
| 20% Liquidated Damages | $948.78 | | |
| | | $5,816.86 | |
| 06/13 Contributions | $3,325.97 | | |
| 5% Interest (through 11/07/13) | $45.54 | | |
| 20% Liquidated Damages | $665.20 | | |
| | | $4,036.71 | |
| 07/13 Contributions | $6,647.70 | | |
| 5% Interest (through 11/07/13) | $61.88 | | |
| 20% Liquidated Damages | $1,329.54 | | |
| | | $8,039.12 | |
| 08/13 Contributions | $3,297.91 | | |
| 5% Interest (through 11/07/13) | $17.10 | | |
| 20% Liquidated Damages | $659.58 | | |
| | | $3,974.59 | |
| 09/13 Contributions | $1,241.12 | | |
| 5% Interest (through 11/07/13) | $1.36 | | |
| 20% Liquidated Damages | $248.22 | | |
| | | $1,490.70 | |
| **Subtotal** | | | **$25,776.00** |
| 20% Liquidated Damages on Late Paid Contrib. (01/13, 04-05/13) | | | **$2,338.92** |
| Interest on Late Paid Contrib. (01/13, 04-05/13) | | | **$47.74** |
| Attorneys' Fees (through 10/30/13) | | | **$18,419.00** |
| Costs (through 10/30/13) | | | **$572.30** |
| **TOTAL DUE** | | | **$71,082.78** |

3.      Defendants shall *conditionally* pay the amount of **$59,652.87,** representing all of

the above amounts, less liquidated damages in the amount of **$11,429.91**. *This conditional waiver*

*is expressly conditioned upon Trustee approval following timely compliance with all of the terms*

-2-

P:\CLIENTS\PATCL\Rhodes Painting\Pleadings\2012 Action\judgment pursuant to stipulation.doc

1  *of this Stipulation,* as follows:

2    (a)    Beginning on **December 20, 2013**, and on or before the <u>20th day of each</u>

3  <u>month</u> thereafter for a period of four (4) months, through and including March 20, 2014,

4  Defendants shall pay to Plaintiffs the amount of **$500.00** per month;

5    (b)    Beginning on or before **April 20, 2014**, and no later than the <u>20th day of</u>

6  <u>each month</u> thereafter for a period of six (6) months, through and including September 20, 2014,

7  Defendants shall pay to Plaintiffs the increased amount of **$1,000.00** per month;

8    (c)    Beginning on or before **October 20, 2014**, and no later than the <u>20th day of</u>

9  <u>each month</u> thereafter for a period of six (6) months, through and including March 20, 2015,

10  Defendants shall pay to Plaintiffs the increased amount of **$1,500.00** per month;

11    (d)    Beginning on or before **April 20, 2015**, and no later than the <u>20th day of</u>

12  <u>each month</u> thereafter for a period of six (6) months, through and including September 20, 2015,

13  Defendants shall pay to Plaintiffs the increased amount of **$2,000.00** per month;

14    (e)    Beginning on or before **October 20, 2015**, and no later than the <u>20th day of</u>

15  <u>each month</u> thereafter for a period of six (6) months, through and including March 20, 2016,

16  Defendants shall pay to Plaintiffs the increased amount of **$2,500.00** per month;

17    (f)    Beginning on or before **April 20, 2016**, and no later than the <u>20th day of</u>

18  <u>each month</u> thereafter for a period of six (6) months, through and including September 20, 2016,

19  Defendants shall pay to Plaintiffs the increased amount of **$3,000.00** per month;

20    (g)    Beginning on or before **October 20, 2016**, and no later than the <u>20th day of</u>

21  <u>each month</u> thereafter for a period of two (2) months, through and including November 20, 2016,

22  Defendants shall pay to Plaintiffs the increased amount of **$3,500.00** per month;

23    (h)    Payments may be made by joint check, to be endorsed by Defendants prior

24  to submission.  Defendants shall have the right to increase the monthly payments at any time and

25  there is no penalty for prepayment;

26    (i)    Payments shall be applied first to unpaid interest and then to unpaid

27  principal.  The unpaid principal balance shall bear interest from November 8, 2013, at the rate of

28  5% per annum in accordance with the Collective Bargaining Agreement and Plaintiffs' Trust

P:\CLIENTS\PATCL\Rhodes Painting\Pleadings\2012 Action\judgment pursuant to stipulation.doc

1 | Agreements;

2 |     (j)    Checks shall be made payable to the **District Council 16 Northern**
3 | **California Trust Fund**, and delivered on or before each due date to <u>Erica J. Russell, Esq. at</u>
4 | <u>Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco,</u>
5 | <u>California 94104</u>, or to such other address as may be specified by Plaintiffs;

6 |     (k)    At the time that Defendants make their thirty-fifth (35th) stipulated payment,
7 | Defendants may submit a written request for waiver of liquidated damages directed to the Board
8 | of Trustees, but sent to Saltzman and Johnson Law Corporation with their thirty-fifth (35th)
9 | payment.  Defendants will be advised as to whether or not the waiver has been granted prior to the
10 | final payment hereunder.  Such waiver will not be considered until and unless all other amounts
11 | are paid in full and Defendants' account is otherwise current;

12 |     (l)    Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise
13 | Defendants, in writing, as to the final amount due, including interest and all additional attorneys'
14 | fees and costs incurred by Plaintiffs in connection with collection and allocation of the amounts
15 | owed to Plaintiffs under this Stipulation.  Defendants shall pay all additional attorneys' fees and
16 | costs regardless of whether or not Defendants default herein.   Any additional amounts due
17 | pursuant to the provisions hereunder shall also be paid in full with the November 20, 2016
18 | stipulated payment; and

19 |     (m)    Failure to comply with any of the above terms shall constitute a default of
20 | the obligations under this Stipulation and the provisions of ¶ 10 shall apply.

21 |     4.    In the event that any check is not timely submitted or fails to clear the bank, or is
22 | unable to be negotiated for any reason for which Defendants are responsible, Defendants shall be
23 | considered to be in default of the Judgment entered.  If this occurs, Plaintiffs shall make a written
24 | demand to Defendants to cure said default **within seven (7) days of the date of the notice from**
25 | **Plaintiffs**.  If caused by a failed check, default will only be cured by the issuance of a replacement
26 | *cashier's check*, delivered to Saltzman and Johnson Law Corporation within the seven (7) day
27 | cure period.  If Defendants elect to cure said default, and Plaintiffs elect to accept future payments,
28 | *all such future payments shall be made by cashier's check* at Plaintiffs' request.  In the event

1    default is not cured, all amounts remaining due hereunder shall be due and payable on demand by

2    Plaintiffs.

3        5.        LANETT FERGUSON is the responsible managing officer ("RMO") of Defendant

4    RHODES PAINTING & DECORATING, INC. and  confirms that she is individually liable for

5    the amounts due pursuant to the terms of this Stipulation and further acknowledges that she is

6    authorized to enter into this Stipulation on behalf of Defendant RHODES PAINTING &

7    DECORATING, INC. and any additional entities in which she is an officer, owner or possesses

8    any ownership interest, including all successors in interest, assignees, and affiliated entities

9    (including, but not limited to parent or other controlling companies), and any companies with

10   which RHODES PAINTING & DECORATING, INC. joins or merges, if any.  Defendants and all

11   such entities shall also be bound by the terms of this Stipulation, and specifically consent to the

12   Court's jurisdiction, which shall be specified in writing at the time of any assignment, affiliation

13   or purchase of Defendants, along with the obligations to the terms herein.

14       6.        Beginning with contributions due for hours worked by Defendants' employees

15   during the month of **October 2013**, due on November 15, 2013 and delinquent if not received by

16   the Trust Funds on November 29, 2013, and for every month thereafter until this Judgment is

17   satisfied, **Defendants shall remain current in contributions** due to Plaintiffs under the current

18   Collective Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if

19   any, and the Declarations of Trust as amended.  Defendants shall fax or email a copy of their

20   contribution report for each month, together with a copy of that payment check, to *Erica J. Russell*

21   *and Elise Thurman at 415-882-9287* or to erussell@sjlawcorp.com and ethurman@sjlawcorp.com,

22   prior to sending the payment to the Trust Fund office.

23           Failure to comply with these terms shall also constitute a default of the obligations

24   under this Agreement and the provisions of ¶ 10 shall apply.

25       7.        Defendants shall make full disclosure of all jobs on which they are working by

26   providing Plaintiffs with an ongoing and updated list of jobs including, but not limited to, the

27   name and address of the job, the start and completion dates, the identity of General

28   Contractor/Owner/Developer, and by providing certified payroll if it is a public works job.

1    **Defendants shall submit said updated list each month together with the contribution report**

2    **(as required by this Stipulation) either by email to both erussell@sjlawcorp.com and**

3    **ethurman@sjlawcorp.com, or by facsimile to Erica J. Russell at 415-882-9287.** This

4    requirement remains in full force and effect regardless of whether or not Defendants have ongoing

5    work. In this event, Defendants shall submit a statement stating that there are no current jobs. A

6    blank job report form is attached hereto for Defendants' use, as *Exhibit A*.   **To the extent that**

7    **Defendants are working on a Public Works job, or any other job for which Certified Payroll**

8    **Reports are required, copies of said reports *will be faxed or emailed to Erica J. Russell and***

9    ***Elise Thurman at 415-882-9287 or erussell@sjlawcorp.com and ethurman@sjlawcorp.com***

10   **concurrently with their submission to the general contractor, owner, or other reporting**

11   **agency at Plaintiffs' request.**  Failure by Defendants to timely submit updated job lists shall

12   constitute a default of the obligations under this agreement, which Defendants shall be permitted

13   to cure within ten (10) days' written notice from Plaintiffs to Defendants.

14          8.      Failure to comply with any of the above terms shall constitute a default of the

15   obligations under this Stipulation and the provisions of ¶ 10 shall apply.  Any unpaid or late-paid

16   contributions, together with 20% liquidated damages and 5% per annum interest accrued on the

17   contributions, pursuant to the Trust Agreements, shall be added to and become a part of this

18   Judgment and subject to the terms herein.  Plaintiffs reserve all rights available under the

19   applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of

20   current and future contributions, and for any additional past contributions not included herein as

21   may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by further audit, or

22   other means, and the provisions of this agreement are in addition thereto.  Defendants specifically

23   waive the defense of the doctrine *res judicata* as to any such additional amounts determined as

24   due.

25          9.      **Audit:** Should the Trust Funds request a further audit of Defendants' payroll

26   records in order to confirm proper reporting and payment of contributions pursuant to the

27   Bargaining Agreement, any failure by Defendants to comply with said request shall constitute a

28   default of the obligations under this Agreement, which Defendants shall have ten (10) days to cure

1  from receipt of written notice from Plaintiffs.

2          (a)      In the event that amounts are found due on audit, Plaintiffs shall send a

3  written demand to Defendants by facsimile to 415-587-7282 and by regular mail for payment in

4  full of the amounts found due in the audit, including a full copy of the audit report and any

5  findings, including contributions, liquidated damages, interest and audit fees owed.

6          (b)      Defendants will be provided with ten (10) days in which to review the audit,

7  and provide evidence to contest the findings in the event that Defendants do not agree with the

8  total found due Plaintiffs shall provide any additional information or clarification requested by

9  Defendants in writing within ten (10) days of  the request therefor, or as soon as reasonably

10  possible, and Defendants' time to respond to the audit report or comply with payment

11  requirements shall then run from the time that Defendants receive Plaintiffs' response.  Once the

12  ten (10) day review period expires, in the event that the audit is not contested, payment in full

13  shall be delivered to Erica J. Russell.

14          (c)      If the audit is contested, and Defendants provide documentation in support

15  of the dispute, Defendants shall be notified as to whether revisions will be made to the audit. If

16  revisions are not made, payment will be immediately due.

17          (d)      If revisions are made to said audit as a result of the dispute, payment in full

18  of the revised amount shall be due within ten (10) days of Defendants' receipt of the revised

19  billing.

20          (e)      If Defendants are unable to make payment in full, Defendants may submit a

21  written request to revise this Judgment, modifying the payment plan (by monthly amount and/or

22  payment term), to add the amounts found due in the audit to this Judgment, subject to the terms

23  herein. If the Judgment is so revised, Defendants shall execute the Amended Judgment or

24  Amendment to Judgment within ten (10) days of Plaintiffs' preparation of said Amended

25  Judgment or Amendment to Judgment. Failure to execute the revised agreement shall constitute a

26  default of the terms herein, which Defendants shall have five (5) days to cure upon written notice

27  from Plaintiffs.

28          (f)      Failure by Defendants to submit either payment in full or a request to add

1  the amounts due to this Judgment within ten (10) days of the date due per the terms written above

2  shall constitute a default of the obligations under this agreement, which Defendants shall have ten

3  (10) days from receipt of written notice from Plaintiffs to cure.  All amounts found due on audit

4  shall immediately become part of this Judgment.

5        10.    In the event that Defendants fail to make any payment required under ¶ 3 above, or

6  otherwise default on their obligations as detailed in this Stipulation, and such default is not timely

7  cured, the following will occur:

8        (a)    The entire balance of **$71,082.78**, as specified in ¶ 2, plus interest, but

9  reduced by principal payments received from Defendants, in addition to any unpaid contributions

10  then due plus 20% liquidated damages and 5% per annum interest on the unpaid or late-paid

11  contributions, shall be immediately due and payable, together with any attorneys' fees and costs

12  incurred during the term of this Stipulation;

13        (b)    A Writ of Execution may be obtained against Defendants without further

14  notice to Defendants, in the amount of the unpaid balance plus any additional amounts due under

15  the terms herein.  Such Writ of Execution may be obtained solely upon declaration by a duly

16  authorized representative of Plaintiffs setting forth any payment theretofore made by or on behalf

17  of Defendants and the balance due and owing as of the date of default;

18        (c)    Defendants waive any notice of Entry of Judgment or of any Request for a

19  Writ of Execution upon default, and expressly waive all rights to stay of execution and appeal.

20  The declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due

21  and owing as of the date of default shall be sufficient to secure the issuance of a Writ of

22  Execution, without notice to Defendants; and

23        (d)    Defendants shall pay all additional attorneys' fees and costs incurred by

24  Plaintiffs in connection with collection and allocation of the amounts owed by Defendants to

25  Plaintiffs under this Stipulation, whether or not a default occurs herein.

26        11.    Any failure on the part of Plaintiffs to take any action against Defendants as

27  provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed

28  a waiver of any subsequent breach by Defendants of any provisions herein.

P:\CLIENTS\PATCL\Rhodes Painting\Pleadings\2012 Action\judgment pursuant to stipulation.doc

12.     The parties agree that any payments made pursuant to the terms of this Judgment shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendants as a preference under 11 U.S.C. Section 547 or otherwise.

13.     Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

14.     This Stipulation is limited to the agreement between the parties with respect to the underpaid and delinquent contributions and related sums enumerated herein, owed by Defendants to Plaintiffs.  This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendants acknowledge that Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendants and all of their control group members, as provided by Plaintiffs' Plan Documents, Trust Agreements incorporated into their Collective Bargaining Agreement, and applicable laws and regulations.

15.     This Stipulation contains all of the terms agreed by the parties and no other agreements have been made.  Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

16.     This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

17.     Defendants represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware of and represent that they enter into this Stipulation voluntarily and without duress.

/ / /

/ / /

/ / /

18.     The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

| Dated: November 18, 2013 | **RHODES PAINTING & DECORATING, INC.** |
|---|---|
| | By: _____ /S/ _____ |
| | Lanett Ferguson |
| | Responsible Managing Officer |
| Dated: November 18, 2013 | **LANETT FERGUSON** |
| | By: _____ /S/ _____ |
| | Lanett Ferguson, Individually |
| Dated: November 18, 2013 | **SALTZMAN AND JOHNSON LAW CORPORATION** |
| | By: _____ /S/ _____ |
| | Erica J. Russell |
| | Attorneys for Plaintiffs |

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.

Dated: __November 26__, 2013

_____
UNITED STATES DISTRICT COURT

1

2

| EXHIBIT A |
|:---:|

3

### JUDGMENT PURSUANT TO STIPULATION

4

### *JOB REPORT FORM*

5

**\*\*\* Updated report must be faxed to Erica J. Russell, Esq., at (415) 882-9287**

6

**on the <u>last business</u> day of each month \*\*\***

7

**Employer Name: <u>RHODES PAINTING & DECORATING, INC.</u>**

8

**Report for the month of** _____ **Submitted by:** _____

9

| Project Name: | |
|---|---|
| Project Address: | |
| General Contractor: | |
| General Contractor Address/Tel. #: | |

10

11

| Contract #: | | Date of Contract: | |
|---|---|---|---|

12

| Total Value of Contract: | |
|---|---|

13

| Work Start Date: | | Work Completion Date: | |
|---|---|---|---|

14

15

| Project Name: | |
|---|---|
| Project Address: | |
| General Contractor: | |
| General Contractor Address/Tel. #: | |

16

17

| Contract #: | | Date of Contract: | |
|---|---|---|---|

18

| Total Value of Contract: | |
|---|---|

19

| Work Start Date: | | Work Completion Date: | |
|---|---|---|---|

20

21

| Project Name: | |
|---|---|
| Project Address: | |
| General Contractor: | |
| General Contractor Address/Tel. #: | |

22

23

24

| Contract #: | | Date of Contract: | |
|---|---|---|---|

25

| Total Value of Contract: | |
|---|---|

26

| Work Start Date: | | Work Completion Date: | |
|---|---|---|---|

27

28

**\*\*\* *Attach additional sheets as necessary* \*\*\***

P:\CLIENTS\PATCL\Rhodes Painting\Pleadings\2012 Action\judgment pursuant to stipulation.doc